494 A.2d 1135

**CITY OF PHILADELPHIA**

**v.**

**James WATKINS, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1985.

Filed June 14, 1985.

Jeffrey P. Lowenthal, Philadelphia, for appellant.

Before McEWEN, CERCONE and TROMMER *, JJ.

CERCONE, Judge:

This is a tax sale redemption case. Appeal is taken from the lower court's order making appellant's petition to redeem absolute upon payment to appellees, who had purchased the property at Sheriff's Sale, of their expenses totaling $30,878.10 plus interest. The crux of appellant's argument is that the lower court erred in finding that approximately $21,000.00 worth of expenses incurred by appellee in renovating and insuring the property constituted necessary expenses within the meaning of the redemption statute, 53 P.S. § 7293.

The record discloses the following pertinent facts. On June 6, 1983, appellant's property, a residential dwelling located on Catherine Street in Philadelphia, was exposed for sale by the Sheriff of Philadelphia because of unpaid municipal taxes in the amount of $348.00 for the year 1979. Appellees purchased the property for $8,200.00. The Sheriff's deed conveying the property to appellees was acknowledged on June 30, 1983.

On February 28, 1984, appellant filed a petition to redeem the property. Thereafter, appellees filed an answer and new matter which averred, in pertinent part, that appellant's right to redeem be conditioned upon his payment of their bid price of $8,200.00, and additional alleged necessary expenses they had incurred in connection with their purchase of the property. Appellant's answer to appellees' new matter denied that the additional expenses were necessary. The case was then set down for a hearing before the Honorable Alfred J. Di Bona, Jr., on April 26, 1984. After taking testimony and exhibits, Judge Di Bona, on May 4, 1984, issued a decree which made appellant's petition to

* Judge Evelyn M. Trommer of the Court of Common Plea of Philadelphia County, Pennsylvania is sitting by designation.

redeem absolute, conditioned upon his payment to appellees of their expenses in the following amounts:

   (a) $8,200.00, representing the amount bid at Sheriff's Sale on June 6, 1983, the date of purchase;

   (b) $20,688.30, representing the sum respondents paid for renovation of the property from July 6, 1983;

   (c) $904.50, representing cost of carpeting paid by respondents for installation in the property, paid on October 29, 1983;

   (d) $402.80, representing real estate taxes on the property paid by respondents on 1/20/84;

   (e) $682.50 representing casualty and liability insurance on the property paid for by the respondents;

   $170.00 paid on 6/15/83.

   $267.50 paid on 9/19/83.

   $245.00 paid on 12/6/83.

   plus interest at the rate of ten per cent per annum from the respective date of each of the above payments.

This appeal followed.

■ The statute in question, 53 P.S. § 7293(a), provides in relevant part:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, *and other charges and necessary expenses of the property*, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments.

(Emphasis added).

The principal issue in the case at bar is whether the costs incurred by appellees for renovations, carpeting, and casualty and liability insurance, fall within the definition of "other charges and necessary expenses." Appellant maintains that only those repairs which are made to preserve the property from damage or deterioration can be deemed necessary expenses. Appellees, however, argue that their expenses were necessary because the property had deteriorated to the point where it was uninhabitable and unsafe without extensive repairs. Thus the issue is reduced to whether expenses incurred for habitability purposes are reimbursable under the statute. We believe that reasonable expenses so incurred are recoverable.

In urging a contrary result, appellant cites the case of *Philadelphia v. Rutherford*, 163 Pa.Super. 476, 62 A.2d 122 (1948). In that case, which was affirmed per curiam on the basis of the trial judge's opinion, a distinction was drawn between necessary expenses and additions or improvements to the property. The court first determined that title insurance on the property was not a necessary expense as it was obtained by the tax sale purchaser merely for peace of mind.[1] More specifically, it was stated that:

> With respect to the large amount of money the purchaser put into the property to make it profitable to himself, such expenditures are, we think, entirely within the category of improvements, as distinguished from necessary expenses, and as to which he is not entitled to reimbursement or redemption.

The purchaser bought the property with full knowledge of the right of redemption in the debtor and his assignee, and, therefore, took the risk of not being able to demand of the redemptor such expenditures as were not necessary to keep it in the condition in which it was bought. If this were not the rule, the door would be opened to

---

1. By contrast, the court concluded that expenditures made for compliance with the Fire Marshal's orders were necessary.

improvements, whether they be small or extensive, which the purchaser might choose to make in the hope the property would not be redeemed. Additions to a property, such as the installation of bathrooms, plumbing fixtures and an electric lighting system, made in order that the property might be rented profitably, are not maintenance items, but improvements, and such items are, we think, clearly not recoverable from redemptor either under the Act or within the spirit and purpose of such laws.

*Id.*, 163 Pa.Superior Ct. at 477–78, 62 A.2d at 122–23. At first blush, appellant's reliance upon *Rutherford* would seem well founded. We find it distinguishable, however, for several reasons.

In *Rutherford* there is no indication as to the nature of the property or its condition at the time it was purchased at the tax sale. Indeed we do not know whether the premises there were ever intended or used for habitation. Given the fact that the purchaser *added* bathrooms, plumbing fixtures and an electric lighting system so as to rent the property profitably, we may reasonably infer that the property was not a residential dwelling. By contrast, in the case at bar, we are concerned with a residential dwelling that had these bare necessities, but due to fire and neglect had fallen into such a deplorable condition that it had been unoccupied since 1981 and unfit for human habitation. Appellee-husband testified that he and his wife purchased the property with the intent of residing there and that extensive repairs were necessary to preserve and maintain it. Indeed appellant while taking strenuous objection to the extent and cost of repairs performed by appellees, acknowledged that he would not have lived there without it first having been repaired. We need not recite in detail all the evidence presented at the hearing below. Appellees' testimony and exhibits, including before and after pictures of the premises, established beyond a doubt that the property was unsafe and uninhabitable without extensive renovations. As Judge Di Bona stated: "The hearing revealed that the property had been damaged by fire and had deteriorated into an uninhabitable state. Evidence revealed that the buyer used

the most cost-effective means of maintaining the property as a habitable dwelling and preventing its further deterioration. Therefore, we ruled that [appellant] must pay all of the items of renovations as necessary expenses." Lower court opinion at 2.

Appellant argues, however, that because he had a statutory right to redeem the property within one year, appellees were "not entitled to do anything to the property not necessary to maintain it in the condition in which it was bought." Appellant's brief at 22. Appellant suggests that if this were not the law, "then tax sale purchasers can effectively destroy the right of redemption by simply making extravagant improvements, putting the cost of redemption out of the reach of a potential redemptor." *Id.* at 12. Superficially, this argument appears meritorious. When viewed in context of the facts of this case, however, we find it disingenuous.

■ Appellant is a New Jersey resident who retained the property, which had been unoccupied since October of 1981, for rental purposes. Appellant neglected to pay municipal taxes on this property for the years of 1979, 1980, 1982, and 1983. Furthermore, appellant made no appreciable efforts to restore the property after the fire in 1981, and testified that he now intends to sell it to his niece. Appellees, by contrast, purchased the property so that they could use it as a retirement home. To that end, they engaged a contractor to repair the property in July of 1983. The work was completed in November of 1983, and appellees now reside there part-time until Mr. Scarborough retires from his employment with Cheyney State University in the near future. In short, the record discloses that appellant is an absentee landlord who, for all intents and purposes, ignored the property for several years and expressed no interest in it until becoming aware that appellees had significantly increased its value. Under these circumstances, we believe that the lower court properly rejected appellant's arguments and correctly decided that the expenses incurred by appellees for renovations, carpeting and insurance, were necessary within the meaning of 53 P.S. § 7293.

The final alleged error we need address is appellant's contention that it was error to admit into evidence, without authentication, appellees' unitemized contract for work performed on the property, and copies of their receipts of payment for the work. We are unpersuaded.

Appellee-husband, a plumbing, heating and steel supervisor at Cheyney State University, testified as to each repair measure listed in the contract and the necessity for it. We think it manifest that Mr. Scarborough as a party to that contract, could properly testify as to its authenticity. *See generally* McCormick, *McCormick on Evidence*, § 219 *et seq.* (3rd Ed.1984). Given Mr. Scarborough's employment background, we believe he was qualified to testify as to these repairs. Appellees also produced receipts for every cost they incurred. In addition, appellant testified that he was capable of performing most home repair work, and took vigorous exception to the nature and cost of virtually every repair item. In sum, Judge Di Bona, who heard the testimony and provided appellant the opportunity to present contrary evidence, was convinced that appellees utilized the most cost effective measures for preserving the existing property. We find no reason to disturb that decision.

Order affirmed.