511 A.2d 214

**CITY OF PHILADELPHIA**

v.

**KING KAI CHIN.**

**Appeal of S.R. FRIENDS.**

Superior Court of Pennsylvania.

Argued March 11, 1986.

Filed June 13, 1986.

116

Jerome J. Verlin, Philadelphia, for appellant.

Andrew P. Bralow, Philadelphia, for City, appellee.

Louis Perez, Philadelphia, for Chin, appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

The several issues in this appeal pertain to the amounts which must be paid by a property owner, pursuant to the General Municipal Law of May 16, 1923, P.L. 207, § 32, as amended, 53 P.S. § 7293, in order to redeem property which has been sold "under a tax or municipal claim."

King Kai Chin failed to pay municipal taxes on real estate which he owned at 216 North Twelfth Street, Philadelphia. Therefore, the property was sold at sheriff's sale on April 4, 1983. It was "knocked down" for a high bid of $28,500.00. The successful bidder thereafter assigned his right to purchase the real estate to S.R. Friends, a general partnership, for a consideration of $2,500.00. S.R. Friends paid the purchase price and took title to the real estate by sheriff's deed dated May 9, 1983, and recorded in the Office of the

Recorder of Deeds on May 24, 1983. Chin thereafter filed a petition to redeem the property, and redemption was allowed by court order dated August 30, 1983. On May 4, 1984, Chin tendered to S.R. Friends the sum of $31,587.50, which sum included the bid price of $28,500.00 and interest thereon. S.R. Friends refused to accept the amount tendered and, on May 15, 1984, filed a petition to set aside the order of redemption because of Chin's failure to tender an amount which included, inter alia, the costs of repairs made to the premises ($13,965.00) less rents collected by S.R. Friends ($7,340.00). On April 2, 1985, after depositions had been taken and copies of repair and other bills submitted, the trial court dismissed the petition to set aside the redemption, holding that the moneys expended by S.R. Friends had been for improvements, not repairs. The trial court subsequently granted reconsideration, but, following argument, reinstated its original order refusing to set aside the redemption and directing Chin to pay the purchase price of $28,500.00 plus interest of $3,087.50 and taxes of $1,743.00. Chin was given credit, however, for $12,667.67 collected as rent by S.R. Friends, plus the $2,500.00 paid by S.R. Friends for an assignment of the rights of the original bidder, plus interest of $354.17. A timely appeal was filed by S.R. Friends.

Appellant contends, inter alia, that the trial court erred (1) when it allowed Chin a credit for the $2,500.00 which appellant had paid to purchase the rights of the highest bidder; (2) when it failed to require Chin to pay the costs of drawing, acknowledging and recording the sheriff's deed; (3) when it failed to require Chin to reimburse appellant for insurance premiums paid to insure the property; (4) when it refused to require that Chin reimburse appellant for repairs necessary to make the property habitable and to bring it into compliance with city housing ordinances; and (5) when it refused to allow reimbursement for amounts expended on account of services rendered by public utilities. The City of Philadelphia, which is also an appellee, agrees with S.R. Friends that the trial court erred with respect to the foregoing matters and joins in urging that we reverse.

The pertinent section of the statute provides in relevant part that

[t]he owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, **and other charges and necessary expenses of the property**, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments.

53 P.S. § 7293(a) (emphasis added).

This Court has held that reasonable expenses incurred to make a property habitable are reimbursable under the foregoing statutory provision. *City of Philadelphia v. Watkins*, 343 Pa.Super. 380, 384, 494 A.2d 1135, 1137 (1985). There, as here, the redeeming party argued that "necessary expenses" should be limited solely to the cost of those repairs necessary to preserve the property from damage or deterioration, while the purchaser contended that recoverable expenses should include the cost of making the premises habitable. The Superior Court agreed with the latter contention and held that recovery could be had for costs of renovations and carpeting, as well as the cost of purchasing casualty and liability insurance coverage for the property.

■ The evidence in the instant case suggests that at the time when S.R. Friends purchased the property there was neither heat nor hot water; pipes had frozen and cracked; a gas-fired hot water heater had been broken; and the roof was in need of repair. In addition, according to the evidence, trash, debris, mattresses and garbage were removed

from the building in an amount sufficient to fill five dumpsters. In the several apartments located in the building there were damages of varying degrees to bathroom fixtures, plaster, and doors. Repairs were made, according to the evidence, to make the premises habitable and to bring the same into compliance with municipal codes. In addition, S.R. Friends purchased insurance, paid taxes, and provided gas, water and sewer services to the property. That appellant was entitled to be reimbursed for the reasonable amount actually expended for such items seem clear. Indeed, the statute expressly provides therefor.

■ We reject Chin's contention that appellant can recover only those costs necessary to keep the property in the same condition in which it existed at the time when it was purchased at sheriff's sale. Otherwise, a delapidated, uninhabitable building will have to remain in that condition until the period for redemption has expired. Such an interpretation would be absurd; it would ignore the interests of the parties, the municipality and the public. We will not place such a limitation upon the right to recover amounts expended to make the premises habitable.

The statute also requires that a redeeming property owner reimburse the purchaser for the cost of drawing, acknowledging, and recording the sheriff's deed; for taxes paid by the purchaser; for the insurance coverage purchased for the property; and for the cost of providing water, sewer, gas and electric power to the property. Even appellee agrees that these items are properly the subject of reimbursement. Moreover, they are to bear interest at the rate of ten (10%) percent per annum from the dates on which payments were made. The redeeming property owner, however, is entitled to a credit for the rents collected by the purchaser prior to redemption.

When the trial court refused to consider costs expended to make the premises habitable and failed to make findings of fact with respect to the reasonableness of moneys actually expended therefor by appellant, as well as other items for which reimbursement is required by the statute, the court fell into error. Upon remand, the trial court should

determine the necessary expenses actually paid by S.R. Friends, less rents collected, and all other amounts, in addition to the amount bid at the sheriff's sale, for which S.R. Friends is entitled to be reimbursed. The burden of proving the reasonableness of such amounts, of course, is upon the party who claims reimbursement, in this case the appellant. If S.R. Friends has failed to show by a fair preponderance of the evidence the amounts actually paid and that such amounts were reasonable and in keeping with the statute, then recovery therefor should be disallowed.

■ Finally, the trial court erred when it allowed a credit to the redeeming property owner for the payment of $2,500.00 made by S.R. Friends to the successful bidder in order to purchase the latter's right to receive a deed for the property. This transaction was collateral to and separate from the right of redemption and the reimbursement asserted by the parties to this litigation. The payment thereof was not a factor to be considered in determining the rights of the appellant and appellee in the instant proceedings. It was not an expense for which S.R. Friends was entitled to be reimbursed, and it was not a credit to be given to Chin.

Reversed and remanded to permit the trial court to make findings of fact and enter a decree consistent with the foregoing opinion. Jurisdiction is not retained.