562 A.2d 977

**NORTHVIEW MOTORS, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, ATTORNEY GENERAL, Leroy S. Zimmerman, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided Aug. 4, 1989.

Petition for Allowance of Appeal Denied May 16, 1990.

---

6. DER cites Sections 501(a), 610(1) and (6), and 201(a) of the Act, 35 P.S. §§ 6018.501(a), 6018.610(1) and 6018.610(6) and 6018.201(a), as controlling.

56

Richard K. Witchko, Barrante & Barrante, Pittsburgh, for appellant.

Douglas P. Yauger, Caren L. Mariani, Office of Atty. Gen., Bureau of Consumer Protection, Pittsburgh, for appellee.

Before DOYLE, PALLADINO and SMITH, JJ.

SMITH, Judge.

Northview Motors, Inc. (Northview) appeals from the October 20, 1988 final decree entered by the Court of Common Pleas of Allegheny County pursuant to a complaint in equity filed by the Attorney General of the Commonwealth of Pennsylvania (Commonwealth) seeking to enjoin Northview from conduct violative of the Unfair Trade Practices and Consumer Protection Law [1] (UTPCPL) and the Automotive Industry Trade Practices Regulations [2] (Auto Regs). The complaint also sought restitution and civil penalties for each violation of the UTPCPL. A trial in the matter was held from May 3 through May 5, 1988. The trial court issued its decree nisi on May 20, 1988. Northview requested post trial relief which was denied by the trial court on October 20, 1988. The decision of the trial court is affirmed.

■ In reviewing a final decree in equity, this Court's scope of review is limited to determining whether the chancellor's findings are supported by substantial evidence, whether there was an error of law committed, or whether the chancellor abused his/her discretion. *Penn–Delco School District v. Schukraft*, 95 Pa.Commonwealth Ct. 619, 506 A.2d 956 (1986), *appeal denied*, 514 Pa. 644, 523 A.2d 1133 (1987).

On appeal to this Court, Northview asserts that the evidence introduced at trial does not support the trial court's findings of fact and conclusions of law.[3] This Court

1. Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1–209-6.

2. 37 Pa.Code §§ 301.1—305.4.

3. The chancellor's conclusions of law numbers five through eight are as follows:

has thoroughly reviewed the record and has determined that substantial evidence does exist to support the trial court's findings and conclusions. At trial, the Commonwealth produced the testimony of ten witnesses pertaining to seven motor vehicle transactions with Northview. Eight of the ten witnesses were the consumers involved in the seven transactions. N.T., May 4, 1988 Hearing, pp. 18–47, 61–216. One witness was an insurance representative who corroborated parts of the testimony of a consumer. N.T., May 4, 1988 Hearing, pp. 47–61. The final witness was a consumer protection agent who mediated and investigated the complaints regarding the transactions in question. N.T., May 4, 1988 Hearing, pp. 234–278, 286–291.

Northview introduced the testimony of two witnesses. One, the owner of Northview, Frank P. Cuda, Jr., testified that he had no direct knowledge of the subject transactions as he acknowledged that he did not participate in six of them and participated in the seventh only after the violative conduct had taken place. N.T., May 5, 1988 Hearing, pp. 510–511. The other witness, a new car salesman, testified that he had been involved only in parts of two of the seven subject transactions. N.T., May 5, 1988 Hearing, p. 312.

 The trial court repeatedly stated that while Northview could introduce evidence to rebut the testimony introduced by the Commonwealth, the Commonwealth had met its burden. N.T., May 4, 1988 Hearing, pp. 293, 300, 303, 308. In equity, issues of credibility and evidentiary weight are in the exclusive province of the chancellor. *Babin v.*

5. In violation of the UTPCPL and the [Auto Regs], defendant falsely advertised motor vehicles in the Commonwealth of Pennsylvania.

6. In violation of the UTPCPL and the Auto Regs, defendant increased the selling price of its vehicles after the consummation of deals with consumers.

7. In violation of the UTPCPL and the Auto Regs, defendant failed to provide copies of certain documents to consumers.

8. In violation of UTPCPL and the Auto Regs, defendant sold vehicles which were not road worthy when defendant knew or should have known of this condition and failed to disclose same to consumers.

*City of Lancaster,* 89 Pa.Commonwealth Ct. 527, 493 A.2d 141 (1985). Questions of credibility and the resolution of testimonial conflicts are for the trial court. *Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa.Commonwealth Ct. 609, 377 A.2d 1024 (1977). In the instant action, the findings of fact regarding five of the seven subject transactions are supported by uncontroverted statements of the Commonwealth's witnesses. The findings of fact regarding the remaining two transactions are supported by the testimony of the Commonwealth's witnesses which the trial court found more credible than that of the defense witnesses.

 Northview challenges conclusions of law five through eight of the Court's decree nisi. Facts found by the chancellor in a court of equity, when supported by competent evidence on the record, are binding upon the appellate court. However, no such deference is required for conclusions of law. *Wilkes–Barre Area Education Association v. Wilkes–Barre Area School District of Luzerne County,* 105 Pa.Commonwealth Ct. 165, 523 A.2d 1183 (1987), *appeal denied,* 516 Pa. 645, 533 A.2d 715 (1987). This Court, however, will not reverse if apparently reasonable grounds exist for the relief ordered and no erroneous or inapplicable rule of law was relied upon. *Bethel Park School District v. Bethel Park Federation of Teachers,* 54 Pa.Commonwealth Ct. 49, 420 A.2d 18 (1980). The conclusions of law reached by the trial court in this matter represent a reasonable application of the law to the facts. Seven individuals testified at the hearings that they were misled about the price and quality of motor vehicles and the existence and nature of price reductions, in violation of Section 201–2(4)(ix), (xi) of the UTPCPL and Sections 301.2(4), (6), (18) of the Auto Regs. N.T., May 3, 1988 Hearing, pp. 18–47, 61–124; N.T., May 4, 1988 Hearing, pp. 124–127, 136–217.

 Sections 301.2(21) and 301.4(a)(7) of the Auto Regs prohibit motor vehicle dealers from recouping high advertised trade-in prices by inflating normal selling prices and further prohibit a dealer from increasing the sales price of a

motor vehicle after acceptance of the sales contract by the dealer or the dealer's authorized sales' representative. As a result of the testimony of seven individuals in this matter, the trial court found that Northview engaged in such practices. N.T., May 3, 1988 Hearing, pp. 18–47, 61–123, May 4, 1988 Hearing, pp. 124–191, 217–234. Pursuant to Sections 301.4(a)(1) and 301.4(a)(3), consumers must be given a copy of the sales contract when executed and copies of all other pertinent documents which place an obligation on the consumer. Based upon evidence presented at trial, the trial court found that Northview failed to give such paper work to four of its customers. N.T., May 3, 1988 Hearing, pp. 18–47, 61–99, May 4, 1988 Hearing, pp. 136–191.

Under Sections 301.2(5) and 301.4(a)(9) of the Auto Regs, dealers are required to disclose to purchasers the condition of non-roadworthiness of motor vehicles when the dealers know or should know of a defect creating that condition. Based upon the evidence presented, the trial court found that there was sufficient evidence presented to find Northview guilty of a violation of these sections of the Auto Regs. N.T., May 4, 1988 Hearing, pp. 191–217.

■ Northview's next assertion is that the evidence introduced by the Commonwealth was not sufficient to support the Court's award of restitution to the parties. Section 201–4.1 of the UTPCPL authorizes the Court to "... direct that the defendant or defendants restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any violation of this act, under terms and conditions to be established by the court." 73 P.S. § 201–4.1. In the instant case, the trial court directed restitution in five motor vehicle transactions involving Northview. The Court ordered restitution to these five parties based upon their testimony as follows:

$715.00 to Richard and Mary Linda Panasko whose selling price was 'bumped' in that amount.

$3,278.00 to Lois [sic] and Joseph Bauer who negotiated a $9,100.00 purchase with a four thousand dollar trade only to have the deal altered to reflect a $9,858.00 purchase and trade of $1,480.00.

$1000.00 to Roger Lasch whose $1000.00 down payment was not matched by Northview as promised in advertising.

$1000.00 to James DiGiorno to whom Northview misrepresented by $1000.00 the selling price of a motor vehicle thereby resulting in higher than agreed upon payments.

$1000.00 to Clifford and Beverly Grogan who were induced to sign blank sales documents, charged a higher than agreed upon figure and sold a non-roadworthy vehicle rendered useless when it subsequently caught fire.

The trial court, upon finding these facts, properly directed restitution to the consumers damaged by Northview's violative conduct.

Finally, Northview asserts that the trial court's imposition of a $10,000.00 civil penalty violates its right to due process. When the Attorney General is seeking the imposition of the civil penalty provisions of the UTPCPL, the defendant is entitled to full due process rights. *Americans Be Independent v. Commonwealth,* 14 Pa.Commonwealth Ct. 179, 321 A.2d 721 (1974). This Court set forth its understanding of the elements of due process afforded to any person against whom civil penalties for violation of the injunctive order are sought in *Pittsburgh Press Employment Advertising Discrimination Appeal,* 4 Pa.Commonwealth Ct. 448, 287 A.2d 161 (1972), *affirmed,* 413 U.S. 376, 93 S.Ct. 2553, 37 L.Ed.2d 669 (1973), where it was stated:

The ingredients of due process have been discussed in a multitude of judicial opinions. A reading of many of these cases confirms our understanding that due process of law is afforded when (1) the 'accused' is informed with reasonable certainty of the nature of the accusation lodged against him, (2) he has timely notice and opportunity to answer these charges and to defend against attempted proof of such accusation, and (3) the proceedings are conducted in a fair and impartial manner.

*Id.,* 4 Pa.Commonwealth Ct. at 457, 287 A.2d at 166. This Court's review of the entire record made in this case enables the Court to conclude that all of these elements of due

process have been met. Northview was informed with reasonable certainty of the nature of the Commonwealth's accusations. No objections were filed as to their specificity. Northview made no contention that it did not have sufficient timely notice and certainly had the opportunity to defend against the Commonwealth's proof, evidenced by the fact that Northview appeared and presented witnesses at trial. The proceedings were conducted in a fair and impartial manner, and the burden was placed upon the Commonwealth to prove its accusations against Northview. The trial court found that the Commonwealth met its burden and consequently issued the final decree under appeal.

Having determined that the chancellor's findings are supported by substantial evidence, this Court affirms the final decree of the Court of Common Pleas of Allegheny County.

## ORDER

AND NOW, this 4th day of August, 1989, the final decree of the Court of Common Pleas of Allegheny County is hereby affirmed.