IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                 :
                                           :   No. 2239 C.D. 2014
            v.                  :
                                           :   Submitted: February 12, 2016
F.A. Realty Investors Corp.,       :
                  Appellant        :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
JUDGE McCULLOUGH                                FILED: August 19, 2016

F.A. Realty Investors Corporation (Appellant) appeals from two orders of the Court of Common Pleas of Philadelphia County (trial court).[1] On September 23, 2014, the trial court issued an order granting Tevel 6100 LLC's (Intervenor) petition for leave to intervene. On October 22, 2014, the trial court ordered that Appellant was entitled to redeem the subject property upon payment of the necessary costs to the purchaser. These orders are the subject of the instant appeal.

---

[1] Appellant also attempts to appeal the trial court's July 29, 2014 rule to show cause why the purchaser shall not re-convey to Appellant property that had been sold at a sheriff's sale. However, a rule to show cause is not an appealable final order. *See* Pa.R.A.P. 341.

## Facts and Procedural History

The relevant facts and procedural history of this case are as follows.[2] Appellant was a part-equity owner of real property located at 6001 North 17th Street, Philadelphia, Pennsylvania (property). On or about March 10, 2003, the City of Philadelphia (City) closed the building located on the property. On July 22, 2010, the City filed an amended tax claim against Appellant for delinquent real estate taxes due on the property. On August 2, 2010, the trial court issued a rule to show cause why the property should not be sold at a sheriff's sale and, on September 14, 2010, Appellant was served with a petition to sell the property free and clear of encumbrances. On October 7, 2010, the sheriff posted notice on the property.

On August 19, 2011, Appellant filed a motion to stay the proceedings, which the trial court denied. On July 11, 2012, the trial court entered a final disposition and decreed that the property be sold free and clear of all encumbrances at a sheriff's sale and Appellant was served with the same. On August 14, 2012, Steven Frempong (Frempong) filed a motion to intervene, which the trial court denied.[3] On November 19, 2012, Appellant filed a combination petition to intervene and to vacate or open judgment and the City filed an answer. The property was sold at a sheriff's sale on November 21, 2012.[4] On December 6, 2012, before the sheriff's deed was acknowledged, Appellant filed a petition to redeem premises and the City filed an

---

[2] This summary largely derives from our prior recitation in *City of Philadelphia v. F.A. Realty Investors Corporation*, 95 A.3d 377 (Pa. Cmwlth. 2014) (*F.A. Realty*).

[3] Frempong is Appellant's president. *F.A. Realty*, 95 A.3d at 329 n.2.

[4] The successful bidder at the sheriff's sale was YNLME, Inc. However, YNLME, Inc. subsequently assigned its bid to Intervenor.

2

answer.[5]  The trial court denied Appellant's petition to open judgment on December 28, 2012, and, on February 27, 2013, the trial court dismissed Appellant's petition to redeem as premature because it was filed before the sheriff's deed had been acknowledged.  Appellant appealed to this Court.[6]

On appeal, we determined that section 32 of the act commonly known as the Municipal Claims and Tax Liens Act (Act)[7] authorizes a party seeking redemption to file its petition "at any time prior to nine months after the date that the sheriff's deed is acknowledged."  *F.A. Realty*, 95 A.3d at 386.  In other words, we held that a party need not wait until after acknowledgement of the sheriff's deed to file a petition to redeem; the date of acknowledgment does not act as a trigger date authorizing a party to file a redemption petition.  Therefore, Appellant's petition to redeem was not premature because the Act authorizes a petition to be filed any time within nine months after the acknowledgment of the sheriff's deed, even if the petition to redeem is filed before the sheriff's deed is acknowledged.  Moreover, although Appellant conceded that the property was vacant, we determined that a petition to redeem a vacant property is permitted and timely when filed prior to the acknowledgment of the sheriff's deed.  Accordingly, because we determined that

---

[5] However, the sheriff subsequently acknowledged the deed on January 28, 2013, and it was recorded on March 3, 2013, conveying the property to Intervenor.  (S.R.R. at 168b.)  It is unclear whether this information was evidence of record in *F.A. Realty*.

[6] On January 28, 2013, Intervenor filed an answer to Appellant's petition to redeem and a petition to intervene.  On February 5, 2013, Appellant filed preliminary objections to Intervenor's petition and an answer with new matter.  On February 18, 2013, Intervenor filed preliminary objections to Appellant's preliminary objections.  On March 28, 2013, the trial court issued separate orders rendering Appellant's and Intervenor's preliminary objections moot because of its order dismissing Appellant's petition to redeem as premature.

[7] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §7293.

3

Appellant's petition was not premature, we remanded the matter to the trial court to issue a rule to show cause why the purchaser should not re-convey the property and to conduct a hearing on the rule to show cause pursuant to section 32 of the Act.

On July 29, 2014, pursuant to this Court's remand order in *F.A. Realty*, the trial court issued a rule to show cause why the purchaser should not re-convey the property to Appellant. However, on August 8, 2014, Appellant filed a motion to compel the City to state with particularity the amount needed to redeem the property and, on August 11, 2014, Appellant filed a motion to vacate the trial court's July 29, 2014 order, arguing that the City, not the purchaser, should re-convey the property to Appellant. The trial court issued a rule to show cause why Appellant's motion to vacate should not be granted and scheduled a hearing for September 22, 2014. On August 29, 2014, Intervenor filed a petition to intervene, arguing that it had a direct interest in the matter because it was the record owner of the property. Appellant failed to file a response to Intervenor's petition; instead, on September 14, 2014, Appellant filed a motion to, *inter alia*, preclude Intervenor from intervening or participating in the redemption proceedings. The trial court heard argument on Appellant's motion to vacate and Intervenor's petition to intervene at the September 22, 2014 hearing.

On September 23, 2014, the trial court issued an order granting Intervenor's petition to intervene. On the same day, the trial court issued a rule to show cause why Appellant's petition to redeem should not be granted, as well as a rule to show cause why Appellant's motion to compel the City to state the amount needed to redeem the property should not be granted. A hearing was scheduled for October 21, 2014, at which Appellant, Intervenor, and the City participated.

4

At the hearing, Frempong testified that he was the owner of one of the three corporate entities that purchased the property in 1986. He explained that, after the property was purchased, significant repairs were performed and the property was used as a rental property. Frempong further testified that the Pennsylvania Department of Labor and Industry (L&I) closed the property because it had electrical problems and somebody complained that there was no heat in the building. He stated that the property was vacant when it was sold at a sheriff's sale on November 21, 2012, and testified that, at the time of the sale, he believed the City was owed approximately $46,000.00 in back taxes on the property. Frempong confirmed that the property was sold for $165,000.00 at the sheriff's sale and stated that he immediately advised his attorney to file a petition to redeem, which was done on December 6, 2012. Frempong also stated that approximately $500,000.00 in financing was committed to him in writing for purposes of redemption and that he is willing and able to redeem the property if given the opportunity. (Supplemental Reproduced Record (S.R.R.) at 299b-301b, 318b-19b, 323b, 325b.)

Frempong said that the building had been vacant for approximately nine years after it was closed and stated that he believed no taxes were due to the City for that period because the closure amounted to a de facto taking. He acknowledged that he had seen a figure identifying the amount of taxes allegedly due on the property as approximately $440,000.00, but challenged the accuracy of that number. (S.R.R. at 326b-28b, 330b-33b.)

Frempong further testified that he owns other properties in Philadelphia and acknowledged that the City has declared some of his properties delinquent, but he stated that he has entered into agreements with the City to pay the outstanding taxes

5

on approximately ten properties. However, he acknowledged that he did not pay any property taxes on the property after 1998. (S.R.R. at 364b-65b, 372b-73b.)

Regarding his financing arrangement, Frempong testified that Appellant has $100,000.00 available and stated that his lender is prepared to give him a seventy-five percent loan-to-value at a minimum value of $750,000.00; that is, he must produce twenty-five percent of the loan amount to receive the remaining seventy-five percent of funding. However, Frempong explained that, if he is unable to provide the twenty-five percent, his lender will provide the twenty-five percent in exchange for a blanket mortgage on his other properties. He stated that he did not discuss a maximum value amount that his lender would loan, but testified that they would not lend as high as $3 million. Frempong further testified that property may still be pledged as collateral even if it is subject to a tax lien or a judgment lien because he has done so in the past; specifically, he stated that Cambridge Factors and Diversified Factors of Delaware have loaned to him on those terms. Frempong identified two properties in Philadelphia that he would offer for a blanket mortgage if necessary: 5800 North 17th Street and 5475 West Montgomery. However, he testified that he was unaware that monies were owed on these properties for an outstanding water balance, tax balances, and a code enforcement judgment. (S.R.R. at 378b-82b, 385b-88b, 396b-398b.)

John Mayza (Mayza), an employee for the City's Department of Revenue, testified that he has been using the City's record-keeping system for approximately twenty years. Mayza reviewed the business real estate tax account for the property and stated that, as of January 23, 2013, the outstanding tax balance for the property is $440,469.14. He stated that, after the outstanding balance is computed, notice of the amount is mailed to the taxpayer. However, he

acknowledged that taxpayers may successfully dispute the amount indicated in the notice. (S.R.R. at 439b-46b, 450b-51b.)

Eliahu Alon (Alon) testified that he is a member of Intervenor but noted that he placed the successful bid for the property while representing another one of his companies. He stated that, when he first purchased the property, it was vacant; there was no plumbing, sewage, or electric; no windows; the stucco was falling down; the roof was leaking and open to the sky; and the property was unsecured and full of trash. Alon explained that he completely renovated the building, provided a new roof, new stucco, replaced approximately 250 windows, installed new electrical and plumbing, a new heating system, finished the floor, and installed sheetrock insulation. (S.R.R. at 456b-63b.)

Alon further testified that he borrowed approximately $1.2 million from Meridian Bank to complete this project. He stated that he paid $165,000.00 for the property; $44,650.00 in insurance on the property; $58,250.00 in real estate taxes on the property; $16,306.99 for electric, water, and trash services; and $2,535,228.00 in renovations. Alon noted that he has received $154,455.20 in rent since the property went active and clarified that, after the renovation, the City performed a tax assessment and increased the value of the property from $440,000.00 to $1.3 million, which increased the relevant taxes on the property from $11,000.00 to $24,000.00. (S.R.R. at 470b, 473b-77b, 484b.)

Alon stated that he was the manager of the renovation project on the property, that he has been doing this type of work for twelve years, and that he owns approximately fifteen other buildings in Philadelphia. Alon testified that he has purchased properties through a sheriff's sale before that have been successfully redeemed. He confirmed that most of the renovation occurred after January 24, 2014,

7

but stated that he had started rehabilitating the property in January 2013 and work was initially delayed because he had to remedy the property's dangerous conditions before the necessary permits could be issued. He stated that he consulted with his lawyer after he discovered that the petition to redeem had been filed and explained that it was his understanding that he was authorized to continue rehabilitating the property and would be reimbursed for his costs and expenses. Alon explained that he had discussions with L&I regarding the property's dangerous case designation and, during those discussions, L&I advised him that he may be subject to sanctions and that it would not issue any permits until the property's dangerous conditions had been remedied, which he testified he worked with L&I to correct; however, he confirmed that he inspected the property before he purchased it and was aware of the dangerous conditions. He also stated that the building was falling down and presented a safety hazard when he began rehabilitation and explained that he continued to rehabilitate the property because he wanted to meet the obligations of his construction loan. (S.R.R. at 493b-94b, 497b, 502b-15b.)

By order dated October 21, 2014, the trial court denied Appellant's motion to compel the City to state with particularity the amount needed to redeem the property and, on October 22, 2014, the trial court ordered that Appellant was entitled to redeem the property upon payment of the necessary costs "within sixty-eight (68) days" of the order. (S.R.R. at 18b.) Pursuant to the Act, the trial court determined that the cost of redemption was $2,940,678.90 plus interest.

On October 23, 2014, Appellant filed a motion to recuse.[8] While the motion to recuse was pending, Appellant filed the present appeal to this Court.

_____

[8] On January 8, 2015, the trial court denied Appellant's motion to recuse and subsequently issued a memorandum opinion articulating its reasons for denial. In its memorandum opinion, the **(Footnote continued on next page…)**

On appeal,[9] Appellant argues that the trial court erred because: its interpretation of this Court's opinion in *F.A. Realty* was motivated by bias and prejudice; it violated the "law of the case" doctrine; and its order allowing Intervenor to intervene and subsequent issuance of a rule to show cause why Intervenor should not re-convey the property to Appellant constituted an abuse of discretion and violated Appellant's due process rights.

Conversely, Intervenor argues that the trial court's determination was proper because it complied with this Court's decision in *F.A. Realty* when it granted Intervenor's intervention petition and denied Appellant's motion to compel the City to state with particularity the amount needed to redeem the property; its decision to grant Appellant the right to redemption subject to payment of redemption costs to Intervenor was supported by the record; and its decision was based on the relevant law and evidence without bias, ill will, or partiality.

The City argues that the trial court's decision was erroneous because it improperly interpreted the Act to allow a vacant property sold at a sheriff's sale to be redeemed after the deed had been acknowledged. Alternatively, even if the property was redeemable, the City argues that the trial court improperly granted Appellant's

---

**(continued…)**

trial court concluded that Appellant's recusal motion was untimely because it waited until two days after the hearing on its petition to redeem to file its motion notwithstanding that most of the allegations of bias occurred well before the hearing. According to the trial court, Appellant had ample opportunity to file a motion to recuse but waited until after the hearing had occurred and an order had been docketed to pursue this action, thereby waiving any basis for recusal. (S.R.R. at 549b-66b.)

[9] Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *City of Allentown v. Kauth*, 874 A.2d 164, 165 n.4 (Pa. Cmwlth. 2005).

petition to redeem because it could not show any readiness to pay the redemption price.

## Discussion

### Bias, Ill Will, and Partiality

Appellant's first argument is that the trial court's interpretation of our decision in *F.A. Realty* on remand was motivated by bias, ill will, and partiality. In support of its argument, Appellant cites a portion of the trial court's opinion, which states that "a petition to set aside the sheriff's sale was the appropriate petition to file, not a petition to redeem the property." (Trial court op. at 26-27.) According to Appellant, this statement is indicative of the trial court's bias and partiality because it determined that Appellant could not avail itself of a right to redemption when this Court already determined that redemption was proper. We disagree.

Initially, it is important to note that, contrary to Appellant's suggestion, the trial court concluded that Appellant was entitled to redeem upon payment of the necessary costs. Appellant's assertion otherwise is inaccurate. Moreover, Appellant severely disregards the context of the statement at issue. The full passage of the trial court's opinion reads as follows:

> Additionally, it is Appellant's position that there is no purchaser until the sheriff's sale is completed by the acknowledgment of deed. Mot. To Vacate (8/11/2014); N.T. Hearing (9/22/2014) *passim*. Yet, section 32(b) of the Act clearly states that redemption is made from the purchaser, 53 P.S. §7293(b). Therefore, following Appellant's own argument, there cannot be redemption from the purchaser, as section 32(b) requires, until the sheriff's deed has been acknowledged because there is no purchaser until then. This is in accord with case law

10

regarding the rights of purchasers. *See Chin*, 511 A.2d 214[10] *and City of Philadelphia to Use of Philadelphia Hous. Dev. Corp. v. Novick*, 582 A.2d 1363 (Pa. Super. 1990). *Hence, a petition to set aside the sheriff's sale was the appropriate petition to file, not a petition to redeem the property.* Clearly, disallowing such argument would have been inappropriate.

(Trial court op. at 26-27) (emphasis added).

When viewed in context, the statement Appellant cites does not indicate bias. Rather, the statement was used to show the inconsistency in Appellant's position. Appellant asserts that the sale never occurred because the petition to redeem was filed before the deed was acknowledged and the sale consummated. However, as the trial court articulated, if no sale occurred, a petition to redeem would be an improper instrument for relief because there would be no purchaser from whom to redeem. In that circumstance, a more appropriate mechanism for relief may be a petition to set aside the sheriff's sale instead of a petition to redeem. Therefore, Appellant's argument that the trial court's statement that a petition to set aside the sheriff's sale was the appropriate petition to file indicated its bias and partiality is unpersuasive.

Next, Appellant asserts that the trial court was motivated by bias because it stated that Appellant could have filed a stay or supersedeas to prohibit Intervenor from rehabilitating the property. According to Appellant, this statement was the trial court's attempt to justify Intervenor's rehabilitation of the property and, accordingly, validate Intervenor's interest in the litigation. Moreover, Appellant argues that this statement is inconsistent with the trial court's opinion prior to *F.A. Realty* that Intervenor is not an intervening party in this matter. We disagree.

---

[10] *City of Philadelphia v. King Kai Chin*, 511 A.2d 514 (Pa. Super. 1986).

11

The trial court's statement that Appellant failed to file a stay or supersedeas does not demonstrate bias; instead, it is an accurate statement of the facts of this litigation. Importantly, it is not Appellant's failure to file a stay or supersedeas that justified Intervenor's rehabilitation of the property and, accordingly, validated its interest in the litigation. Rather, it was Intervenor's status as purchaser of the property that was the basis for granting it intervenor status because the resolution of the remand proceeding may affect Intervenor's property interest.[11] *See Fulton v. Bedford County Tax Claim Bureau*, 942 A.2d 240, 244 (Pa. Cmwlth. 2008) ("To that end, appellate courts consistently hold property owners are indispensable parties to lawsuits affecting their property rights."); *see also* Section 31 of the Act, 53 P.S. §7181. Moreover, Appellant's attempt to use the trial court's previous statement indicating that Intervenor was not an intervening party in this matter is unpersuasive because, again, Appellant disregards the context and severely misrepresents the trial court's prior statement. In its prior opinion, the trial court stated that, "[*a*]*s of the writing of the instant 1925(a) Opinion*, [Intervenor] is not an intervening party in this matter." (Pa.R.C.P. No. 1925(a) op. at 3) (emphasis added). Appellant omits this critical qualifier in an attempt to portray the trial court as inconsistent. However,

---

[11] According to Appellant, the deed was "fraudulently procured . . . . is a nullity, void ab initio and has no legal force." (Appellant's brief at 27.) Appellant asserts that this Court's decision in *F.A. Realty* mandates that Intervenor does not have purchaser status because the petition to redeem was filed before the sheriff's deed was acknowledged and, therefore, the sale was never consummated and Intervenor has no legal or equitable right in the property sufficient to warrant intervention. To support this proposition, Appellant cites this Court's statement that "[b]ecause the sheriff's deed has not been acknowledged in this case, the sale has yet to be consummated and Appellants are permitted to redeem the Property from the City's tax liens pursuant to sections 31 and 32(a) of the Act." *F.A. Realty*, 95 A.3d at 387. However, the record is clear, and neither party disputes, that the deed was acknowledged on January 28, 2013, and recorded on March 3, 2013. (S.R.R. at 168b.) Therefore, as record owner of the property, Intervenor was permitted to intervene on remand. *See* Pa. R.C.P. No. 2327.

12

Intervenor was not granted intervenor status at that time because its petition to intervene was denied on procedural grounds, i.e., it was filed as part of Intervenor's preliminary objections to Appellant's petition to redeem instead of as a separate petition. Before Intervenor could file a proper petition to intervene, the redemption petition had been dismissed as untimely and, accordingly, intervention was rendered moot. Thus, Appellant's assertion that the trial court was motivated by bias because it stated in its opinion that Appellant could have filed a stay or supersedeas to prohibit Intervenor from rehabilitating the property is unpersuasive.

Additionally, Appellant argues that the trial court was motivated by bias and prejudice, grossly abused its discretion, and violated its due process rights when it granted Intervenor's intervention petition at the September 22, 2014 hearing, the purpose of which was to hear argument related to Appellant's motion to vacate the trial court's July 29, 2014 rule to show cause why the purchaser shall not re-convey the property to Appellant.

Appellant is correct that the purpose of the September 22, 2014 hearing was to resolve its motion to vacate the trial court's previous rule to show cause why the purchaser should not re-convey the property to Appellant. As the purchaser of record, Intervenor was present and participated at the hearing. At the hearing, Appellant argued that this Court's order in *F.A. Realty* made clear that there was no sheriff's sale purchaser and, as such, Intervenor had no cognizable interest in the litigation. Appellant further argued that its motion should be granted because, without a cognizable interest, "there's no reason for [Intervenor] to do anything." (S.R.R. at 183b.) In response, Intervenor argued that it was an interested party because it was a third-party purchaser. Intervenor explained that, after *F.A. Realty*, it filed a petition to intervene on August 29, 2014, that was currently pending before the

13

trial court. Intervenor further explained that Appellant failed to respond to its petition to intervene; instead, it filed a separate motion to bar or preclude intervention. Appellant confirmed that no response had been filed to Intervenor's petition to intervene and could not provide a reason why. The trial court stated that it was its understanding that any response to Intervenor's petition was due the date of the hearing and, as a matter of law, the petition to intervene must be granted, which occurred on September 23, 2014, the day after the hearing.

The crux of Appellant's argument at the September 22, 2014 hearing was that no sale had occurred and, therefore, the City, not the purchaser, is the party that must be paid for redemption to occur because Intervenor had no cognizable interest in the litigation. An obvious consequence of that argument is that a determination must be made whether the sale had been consummated and Intervenor had a cognizable interest in the litigation. If so, intervenor status is warranted. Thus, Appellant's assertion and Intervenor's outstanding petition both contemplated the same inquiry; whether Intervenor had a cognizable interest in the litigation. The resolution of one issue naturally resolves the other. Accordingly, we discern no error in the trial court's decision to resolve these issues simultaneously.

Therefore, Appellant's argument that the trial court was motivated by bias, partiality, or ill will must fail.

### Law of the Case Doctrine

Appellant next argues that the trial court violated the "law of the case" doctrine when it allowed Intervenor to intervene because it previously stated that Intervenor was not an intervening party in this matter and we stated in *F.A. Realty* that "[b]ecause the sheriff's deed has not been acknowledged in this case, the sale has

14

yet to be consummated and Appellants are permitted to redeem the Property *from the City's tax liens* pursuant to sections 31 and 32(a) of the Act." *F.A. Realty*, 95 A.3d at 387 (emphasis added). According to Appellant, the "law of the case" is that Intervenor is prohibited from intervening in this action because it has no cognizable legal or equitable interest in this litigation.

The "law of the case" doctrine is a judicial rule that prohibits a court involved in a later phase of litigation from reopening questions decided by another judge of the same court or a higher court in an earlier phase of the litigation. *Couriers-Susquehanna, Inc. v. County of Dauphin*, 693 A.2d 626, 630 (Pa. Cmwlth. 1997). Specifically, the doctrine applies in the following circumstances:

> (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; [and] (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court.

*Id*. (internal citation omitted).

However, the doctrine does not apply in the following circumstances: (1) where there has been an intervening change in the controlling law; (2) where there has been a substantial change in the evidence or facts giving rise to the litigation; or (3) where the prior ruling was clearly erroneous and would create a manifest injustice if followed. *Id*.

Here, this Court's statement in *F.A. Realty* that Appellant is permitted to redeem the property from "*the City's tax liens* pursuant to sections 31 and 32(a) of the Act" did not prohibit Intervenor's intervention as a matter of law. *Id*. at 387 (emphasis added). Instead, that statement meant only that Appellant's petition to redeem was not premature pursuant to section 31 of the Act and the trial court's

15

dismissal on those grounds was erroneous; it had no bearing on the Intervenor's ability to participate in the proceedings on remand. The language suggesting that the City's tax liens were the liens that must be resolved at a hearing on remand is consistent with the statutory sections cited in that passage, which contemplates the coexistence of the City's tax liens and a valid purchaser. *See* Section 31 of the Act, 53 P.S. §7281 ("The lien of a tax or a municipal claim *shall not be divested by any judicial sale of the property liened . . . .*") (emphasis added); *see also* Section 32 of the Act, 53 P.S. §7293 ("The owner of any property *sold under a tax or municipal claim . . .* may redeem the same . . . upon payment of *the amount bid at such sale . . .* [and] *the amount of all taxes and municipal claims . . . .*") (emphasis added). Similarly, Appellant's argument that the trial court's prior statement that Intervenor was not an intervening party in this matter constitutes the law of the case must fail because it was not an issue decided by an appellate court.

Additionally, we conclude that our prior determination indicating that the sale had not been consummated because the deed had not been acknowledged does not constitute the law of the case because it falls within one of the exceptions to the doctrine. As indicated above, the deed was acknowledged on January 28, 2013, and recorded on March 3, 2013. (S.R.R. at 168b.) It is unclear whether this information was record evidence in *F.A. Realty*. However, neither party disputes the occurrence of this event; rather, Appellant only disputes its legal effect. Therefore, there has been a substantial change in the evidence or facts giving rise to this litigation because the record indicates that the deed has been acknowledged. Moreover, if the prior ruling was endorsed it would create a manifest injustice because it would preclude Intervenor, the record owner of the property, from participating in litigation aimed at dispossessing it of the property. Thus, we

16

conclude that the law of the case doctrine did not prohibit the trial court from recognizing that the sale had been consummated and, therefore, granting Intervenor's petition to intervene because of its cognizable interest in the property as a purchaser.

**Payment of Costs to Intervenor**

Next, Appellant argues that the trial court erred when it granted Appellant the right to redeem upon payment of the necessary costs to Intervenor instead of the City. According to Appellant, this Court's decision in *F.A. Realty* mandates that the only liens that were relevant to its petition to redeem on remand were "the City's tax liens pursuant to sections 31 and 32(a) of the Act." *Id*. at 387.

As articulated above, sections 31 and 32(a) of the Act contemplate the coexistence of the City's tax liens and a valid purchaser; the two are not mutually exclusive. Moreover, section 32(a) of the Act expressly authorizes redemption upon payment of the necessary costs to the purchaser, not the taxing entity. 53 P.S. §7293(a) ("The owner of any property *sold under a tax or municipal claim . . .* may . . . redeem . . . *upon payment of the amount bid at such sale . . .* the amount of all taxes and municipal claims, whether not entered as liens, *if actually paid . . . .*"). Section 32(a)'s plain language indicates that the purchaser is the entity that receives payment if the property owner elects to redeem because: (1) redemption is only available after the property is sold; and (2) the property owner is responsible for the costs of the tax liens actually paid. The requirement to reimburse for the costs of tax liens actually paid makes clear that a city's tax lien has been satisfied by an entity, i.e., a purchaser, and that entity is the party that must be paid upon redemption. *See also* 53 P.S. §7293(b) ("Any person entitled to redeem may present his petition to the proper court

17

. . . whereupon the court shall grant a rule to show cause why *the purchaser* should not reconvey to him *the premises sold . . . .*") (emphasis added).

Thus, the Act unambiguously requires that a party seeking redemption must pay the necessary costs to the purchaser, not the City. Accordingly, the trial court's determination granting Appellant the right to redeem upon payment of the necessary costs to the purchaser was not erroneous.

**The Property was Redeemable**

The City argues that the trial court erred when it determined that the property was redeemable because the acknowledgment of the deed terminated Appellant's right to redeem.

Section 32(c) of the Act provides that "[n]otwithstanding any other provision of law to the contrary, in any city, township, borough or incorporated town, there shall be no redemption of vacant property by any person after the date of the acknowledgment of the sheriff's deed therefor." 53 P.S. §7293(c). The Act must be liberally construed to effect its object and promote justice. *F.A. Realty*, 95 A.3d at 384. The purpose of the Act is to collect municipal claims, not strip owners of their property. *Id*.

In *F.A. Realty*, we held that the plain language of section 32(c) of the Act authorizes redemption for vacant property "before the sheriff's deed is acknowledged, but expressly not *after*." *Id*. at 388-89 (emphasis in original). According to the City, the acknowledgment of the deed after a petition to redeem has been filed terminates the owner's statutory right to redeem. However, this reading is inconsistent with the Act's purpose because it would preclude property owners from pursuing their statutory right to redemption. The City's interpretation would

18

authorize a purchaser to unilaterally extinguish an owner's right to redeem even after the redemption process has been initiated. For example, a party may timely file a petition to redeem before acknowledgment of the deed and a hearing may be scheduled to determine the propriety of the petition; however, according to the City, once the deed has been acknowledged at any time, regardless of what stage of the proceedings, the owner's right to redeem is extinguished. Such a reading does not give effect to the Act's purpose or promote justice. Rather, a more appropriate reading of the Act is that a petition to redeem that is filed after acknowledgment of the deed is prohibited; but, if the petition is filed before acknowledgment and the redemption process is initiated, subsequent acknowledgment does not unilaterally terminate an owner's statutory right to redeem.

Therefore, the City's argument that the trial court erred when it determined that the property was redeemable lacks merit.


**Readiness to Pay**

Additionally, the City argues that the trial court erred in granting Appellant's petition to redeem because it could not show it was ready, willing, and able to pay the redemption price.

Section 32(b) of the Act provides that "[a]ny person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money . . . ." 53 P.S. §7293(b).

The trial court determined that the cost of redemption was $2,940,678.90. Frempong testified that approximately $500,000.00 in financing is committed to him in writing for purposes of redemption and that he is willing and able to redeem the property if given the opportunity. (S.R.R. at 323b, 325b.)

19

Frempong also testified that Appellant has $100,000.00 available and stated that his lender is prepared to give him a seventy-five percent loan-to-value at a minimum of $750,000.00; that is, he must produce twenty-five percent of the loan amount to receive the remaining seventy-five percent of funding. However, Frempong explained that, if he is unable to provide the twenty-five percent, his lender will provide the twenty-five percent in exchange for a blanket mortgage on his other properties. Frempong further testified that property may still be pledged as collateral even if it is subject to a tax lien or a judgment lien because he has done so in the past and identified two properties in Philadelphia that he would offer for a blanket mortgage if necessary: 5800 North 17th Street and 5475 West Montgomery. However, he testified that he was unaware that monies were owed on these properties for an outstanding water balance, tax balances, and a code enforcement judgment. Moreover, he stated that he did not discuss a maximum value amount that his lenders would loan, but testified that they would not lend as high as $3 million. (S.R.R. at 378b-400b.)

Here, Frempong expressly testified that his lenders will not lend as high as $3 million, which the trial court determined is the approximate cost of redemption. Notwithstanding his testimony regarding his purported financing arrangement, Frempong submitted no documentation evidencing the same. Therefore, Appellant failed to meet its burden to establish its readiness to pay the redemption cost.

**Conclusion**

Appellant's argument that the trial court's decision was motivated by bias, ill will, and partiality must fail. Similarly, Appellant's argument that the "law of the case" doctrine prohibits Intervenor from participating in these proceedings is

20

unpersuasive, as is Appellant's argument that the trial court erred when it determined that Appellant must pay the redemption costs to the City, not the purchaser. Moreover, the City's argument that the trial court erred when it determined that the property was redeemable because the acknowledgment of the deed terminated Appellant's right to redeem is similarly unpersuasive. However, we agree with the City's argument that the trial court erred in granting Appellant's petition to redeem because it could not show it was ready, willing, and able to pay the redemption price.

Accordingly, the trial court's September 23, 2014 order is affirmed and its October 22, 2014 order is reversed.

_____
PATRICIA A. McCULLOUGH, Judge

21

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia : 
                                         : No. 2239 C.D. 2014
              v. :
                                           :
F.A. Realty Investors Corp., :
                         Appellant :

## *__ORDER__*

AND NOW, this 19th day of August, 2016, the September 23, 2014 order of the Court of Common Pleas of Philadelphia (trial court) granting Tevel 6100 LLC's petition to intervene is affirmed. However, the trial court's October 22, 2014 order stating that F.A. Realty Investors Corporation is entitled to redeem the subject property upon payment of the necessary costs is reversed.

_____<br>
PATRICIA A. McCULLOUGH, Judge