IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 1474 C.D. 2021 |
| | : | Submitted: November 6, 2023 |
| Jason Thomas, | : | |
| Appellant | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                              FILED: December 22, 2023

Jason Thomas (Thomas) appeals from the Court of Common Pleas of Philadelphia County's (trial court) November 29, 2021 order denying his Petition to Set Aside Tax Sale (Petition). On appeal, Thomas argues the trial court erred by rendering factual findings without holding an evidentiary hearing on the Petition. Upon review, we affirm.

## I.    Background

Thomas owned property at 1621 North 55th Street, Philadelphia, Pennsylvania (Property). On January 4, 2018, the City of Philadelphia (City) filed a Petition for Rule to Show Cause Why the Property Should Be Sold Free and Clear of All Liens and Encumbrances (Tax Claim) in the trial court against Thomas for unpaid real estate taxes, penalties, interest, fees and costs. Reproduced Record

(R.R.) at 50a-53a. The City attached a Tax Information Certificate (TIC) to the Tax Claim listing Thomas as the Property's registered owner and 1621 North 55th Street, Philadelphia, PA 19131-3506, as the registered address (Registered Address). *Id.* at 57a. The City also attached to the TIC a listing of encumbrances and claims against the Property. *Id.* at 59a-62a. On January 8, 2018, the trial court entered a rule returnable (Rule) for an April 3, 2018 hearing and ordered the City to serve the Tax Claim and Rule upon Thomas in accordance with Section 39.2 of what is known as the Municipal Claims and Tax Liens Act[1] (MCTLA), 53 P.S. § 7193.2.[2] R.R. at 64a.

On January 10, 2018, the City filed an affidavit declaring it served Thomas with the Tax Claim and the Rule on January 10, 2018 by regular (first class) and certified mail at (1) the Registered Address, which is also the Property's address, (2) 1629 North 55th Street, Philadelphia, Pennsylvania 19131-3506, and (3) 428 South 45th, Philadelphia, PA 19143. R.R. at 65a. On February 7, 2018, the City filed an affidavit declaring the City posted the Tax Claim and the Rule on the Property's front door on January 31, 2018. *Id.* at 68a-69a. Thomas did not respond to the Tax Claim or the Rule, nor did he appear at the trial court's hearing. *Id.* at 70a-71a.

The trial court held its hearing on April 17, 2018, and entered a Decree ordering the Property be sold at a sheriff's sale (Decree). R.R. at 71a-72a. The sheriff's sale was scheduled for September 19, 2018. *Id.* at 81a. On August 13, 2018, the City filed an affidavit declaring the City sent the Decree and sheriff's sale

---

[1]  Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.
[2]  Section 39.2 of the MCTLA was added by the Act of December 14, 1992, P.L. 859. Section 39.2 required the City to serve Thomas by: (1) posting the Petition and Rule "on the most public part of the property," and (2) sending a true and correct copy of the Petition and Rule by "first class mail to the [Registered Address]." *See* 53 P.S. § 7193.2. Section 39.2 further states that "[s]ervice of notice pursuant to this section shall be deemed accomplished on the date of mailing." *Id.*

notice by regular mail to Thomas at the same three addresses it sent the Tax Claim and the Rule. *Id.* at 79a-82a.

On December 31, 2018, the City continued the September 19, 2018 sheriff's sale until January 16, 2019. R.R. at 92a. Also on December 31, 2018, the City filed an affidavit asserting the City sent the Decree and the updated sheriff's sale notice by regular mail to Thomas, again at the same three addresses it sent the Tax Claim and the Rule. *Id.* at 103a. The Philadelphia County Sheriff sold the Property at the January 16, 2019 sheriff's sale to Philadelphia Lotus 4, LLC for $30,000.00. *Id.* at 11a. The sheriff acknowledged a deed transferring the Property to Philadelphia Lotus 4, LLC on February 12, 2019, and the Philadelphia County Department of Records recorded the deed on February 22, 2019. *Id.* at 167a-72a.

Thomas filed the Petition on October 21, 2021, claiming the City did not serve him with notice of the January 16, 2019 tax sale. R.R. at 11a, 106a. Thomas asserted the City's tax sale was invalid because the City failed to provide Thomas with notice as required by Section 602 of the Real Estate Tax Sale Law,[3] 72 P.S. § 5860.602. R.R. at 107a. Thomas also asserted he was making timely payments in accordance with a payment plan he entered with the City, and the City's tax sale violated the terms of his payment plan. *Id.* at 108a. The City responded to the Petition on November 10, 2021, declaring: (1) it properly served the Tax Claim on Thomas pursuant to the MCTLA, (2) Section 602 of the Real Estate Tax Sale Law, 72 P.S. § 5860.602, does not apply to tax sales in cities of the first class, and (3) Thomas did not have a payment agreement with the City when the City filed the Tax Claim. R.R. at 115a-117a. The City also argued the trial court should deny the Petition because

---

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 - 5860.803.

Thomas failed to file the Petition within the time period provided in Section 39.3 of the MCTLA, 53 P.S. § 7193.3.[4]  R.R. at 117a.

The trial court did not conduct a hearing on the Petition.  Instead, by order dated November 24, 2021, and entered November 29, 2021, the trial court denied the Petition.  R.R. at 1a.  Thomas timely appealed to this Court.  *Id.* at 2a.  In its opinion in support of order, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court explained it dismissed the Petition because Thomas failed to file the Petition within the statutory time period required by Section 39.3 of the MCTLA; the City properly served Thomas under the MCTLA; Section 602 of the Real Estate Tax Sale Law, 72 P.S. § 5860.602, does not apply to cities of the first class; the trial court's order was supported by substantial evidence; and the trial court was not required to provide Thomas with an evidentiary hearing.  R.R. at 33a-44a.

On appeal to this Court, Thomas's primary argument is the trial court erred in relying on facts contained in the parties' briefs and exhibits rather than holding a hearing on the Petition.  *See* Appellant's Br. at 9.  Thomas specifically argues "[a]n evidentiary hearing was required to determine . . . whether Thomas filed the [Petition] on a timely basis despite 21 months passing after the tax sale."  *Id.* at 12.  Thomas requests this Court remand this matter to the trial court for an evidentiary hearing.  *Id.*  at 10.

## II.     Analysis

In tax sale cases, our review "is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law."  *City of Phila. v. Jones*, 221 A.3d 737,  741 n.12

---

4   Section 39.3 of the MCTLA was added by the Act of December 14, 1992, P.L. 859.

(Pa. Cmwlth. 2019) (quoting *City of Phila. v. F.A. Realty Invs. Corp.*, 146 A.3d 287, 293 (Pa. Cmwlth. 2016)).

Section 39.3 of the MCTLA provides:

> **All parties wishing to contest the validity of any sale** conducted pursuant to section 31.2[5] of this act, **including the sufficiency of any notice**, and any party claiming to have an interest in the premises which was not discharged by the sale **must file a petition seeking to overturn the sale** or to establish the interest **within three months of the acknowledgment of the deed to the premises by the sheriff.**

53 P.S. § 7193.3 (emphasis added).

In *Jones*, the City sold a landowner's property at a tax sale. *See Jones*, 221 A.3d at 740. Over six months after the sheriff acknowledged a deed conveying the landowner's property to the purchaser, the landowner filed a petition to set aside the tax sale. *Id.* In his petition, the landowner alleged he did not receive notice of the tax sale and the City had an alternate address for him which it should have used to provide him with notice. *Id.* at 740-41. The trial court denied the landowner's petition for several reasons, including the landowner did not file his petition within the time limit established by Section 39.3 of the MCTLA. *Id.* at 741.

On appeal in *Jones*, this Court examined Section 39.3 of the MCTLA and determined that "[b]ecause the [landowner's p]etition was not timely filed, the trial court lacked jurisdiction to act." *Id.* at 741-42. As a result, this Court affirmed the trial court's order dismissing the landowner's petition to set aside the tax sale. *Id.* at 747. Similar to the landowner in *Jones*, Thomas filed his Petition beyond the statutory time limit in Section 39.3 of the MCTLA. As a result of the untimeliness, the trial court lacked jurisdiction to act on Thomas's Petition. *See Jones*, 221 A.3d

---

[5] Added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283.

at 742. Accordingly, the trial court did not err in dismissing Thomas's Petition without a hearing.

Although this result may seem harsh, "principles of equitable tolling have [only] been employed to ameliorate the harshness of limitation periods" "where statutory time limitations are not jurisdictional." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 994 (Pa. 2020). Because this Court determined in *Jones* that Section 39.3 of the MCTLA's three-month statutory limit to contest the validity of a tax sale is jurisdictional, the trial court was not permitted to apply equitable principles to cure Thomas's late filing.

We acknowledge that a panel of this Court[6] recently determined due process requires a trial court to hold a hearing before ruling on a petition to set aside a tax sale. *See City of Phila. v. Zig Zag, LLC* (Pa. Cmwlth., No. 1168 C.D. 2019, filed May 3, 2021), slip op. at 12-13. In *Zig Zag*, the landowner complied with Section 39.3 of the MCTLA by filing its petition to set aside tax sale within three months of the acknowledgment of the sheriff's deed. *Id.*, slip op. at 2-4. The trial court, despite having jurisdiction over the matter, denied the landowner's petition without holding a hearing. *Id.*, slip op. at 4. Because the landowner was not given an opportunity to submit evidence to contest the City's petition or its compliance with the MCTLA, this Court remanded the case to the trial court for an evidentiary hearing. *Id.*, slip op. at 12-13. Unlike the landowner in *Zig Zag*, Thomas did not file the Petition within three months of the acknowledgment of the sheriff's deed. As a result, this

---

[6] We may "cite an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent." *See* Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

trial court lacked jurisdiction to act and did not err in denying Thomas's Petition without holding an evidentiary hearing.[7] *See Jones*, 221 A.3d at 742.

### III.   Conclusion

The trial court lacked jurisdiction to consider Thomas's claims because Thomas failed to file the Petition within Section 39.3 of the MCTLA's three-month time limitation.  Therefore, we affirm the trial court's order dismissing Thomas's Petition.

_____
STACY WALLACE, Judge


Judge McCullough did not participate in the decision of this case.

---

[7]   While Thomas generally argued due process entitles him to hearing in this matter, Thomas did not acknowledge Section 39.3 of the MCTLA's three-month time limitation, nor argue this time limitation violated his due process rights.  *See* Appellant's Br. at 10-12.  Thomas cited several cases to support his general due process argument, however, each case involved a landowner who filed his petition to set aside a tax sale within the relevant statutory time limit.  *Id.*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia               :
                                          :
        v.                      : No.  1474 C.D. 2021
                                            :
Jason Thomas,               :
               Appellant :

# **O R D E R**

**AND NOW**, this 22nd day of December 2023, the order of the Court of Common Pleas of Philadelphia County dated November 24, 2021, and docketed on November 29, 2021, is hereby **AFFIRMED**.

_____
STACY WALLACE, Judge